Barbara BUNCH, Plaintiff-Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–3102.

United States Court of Appeals, Seventh Circuit.

Argued June 5, 1985.

Decided Dec. 5, 1985.

Steven J. Radford, Legal Service Organization of Ind., Indianapolis, Ind., for plaintiff-appellant.

Steven J. Plotkin, Asst. Regional Atty., Dept. of Health & Human Services, Chicago, Ill., for defendant-appellee.

Before COFFEY and FLAUM, Circuit Judges and WRIGHT, Senior Circuit Judge.*

COFFEY, Circuit Judge.

Bunch appeals the district court's judgment upholding the Secretary of Health and Human Services' denial of her application for Social Security benefits. We affirm.

### I.

The claimant, a 33-year old [1] female with an eleventh grade education and a vocational background as a cook, cashier, clerk and teacher's aide, applied for and received disability benefits in 1975 alleging that she was disabled because of a mental impairment.[2] Bunch continued to receive these benefits until April, 1981, when her benefits were terminated as a result of her incarceration in an Indiana prison for a conviction for drug possession. After her release from confinement, Bunch reapplied for benefits and the Secretary's denial of her re-application is the subject of this appeal.[3]

The evidence submitted in support of Bunch's 1982 reapplication for benefits revealed that Bunch was released from the Indiana Correctional Facility in December, 1981, and began receiving treatment for her schizophrenia (injections of Prolixin Decanoate, an anti-psychotic medication) at the Metro Outpatient Clinic sometime during 1982. On March 17, some five days after she missed her appointment for Prolixin, Bunch was admitted to Wishard Memorial Hospital due to her bizzare and withdrawn behavior. Bunch when given anti-psychotic medications was found to be alert, in contact with reality, coherent, relaxed, cooperative, and without limitations on her mental capacity or ability to concentrate.

Bunch submitted a letter to the Secretary dated September 21, 1982 from a Dr. Terry M. Parrish of the Midtown Meridian Mental Health Center, where Bunch had been seen on a bi-weekly basis beginning in July of 1982, reporting that the status evaluation of Bunch on September 9, 1982 revealed that Bunch was extremely anxious, affectively labile, and tolerated the stress of the examination poorly. Although Dr. Parrish found that Bunch's thoughts were "under better control" as a result of her medications, she was still "somewhat confused and easily disorganized." Additionally, Bunch informed Dr. Parrish that she experienced auditory hallucinations and had frequent, intrusive and disturbing thoughts that preoccupied her mind. Dr. Parrish concluded that, "In view of the patient's poor concentration and limited ability to function in complex daily tasks, Ms. Bunch would benefit from Supplemental Security Income."

Bunch's attending physician, Dr. John E. Conley, informed the Secretary of Health and Human Services in a letter dated April 10, 1983, that Bunch suffers from chronic schizophrenia with a marked impairment of insight, judgment and motivation. Dr. Conley further reported that Bunch was presently receiving the anti-psychotic drug Prolixin every three weeks and evincing "fairly good control of her thought disorder." Dr. Conley concluded that Bunch is,

---

* The Honorable Eugene A. Wright, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, is sitting by designation.

1. Bunch, who is now 35, was 33 at the time of her re-application for benefits.

2. In her 1982 application for disability benefits, Bunch also contended that gynecological problems and back and leg pain rendered her disabled. Bunch bases her appeal of the Secretary's denial of her disability claim solely on her mental impairment.

3. Bunch's disability benefits were terminated pursuant to 42 U.S.C. § 1382(e)(1)(A) which provides that a benefit shall not be paid to an individual, "if throughout such month he is an inmate of a public institution." On appeal, Bunch argued that her benefits were suspended under a different section of the code and that the Secretary erred in not reinstating her benefits upon her release from the correctional facility. At oral argument, Bunch conceded that her benefits were terminated under 42 U.S.C. § 1382(e)(1)(A) and that the Secretary properly refused to reinstate her benefits because the benefits were terminated rather than suspended as a result of her incarceration.

"an only marginally functional individual and does not appear likely to show any improvement. Her prognosis for productive independent living is not good."

Bunch was evaluated by two psychologists, Drs. Mulvaney and Wagoner, on April 23, 1983. The psychologists administered psychological tests and reported to the Secretary that the tests revealed: dull intellectual functioning; reading and arithmatic skills at the elementary school level; incompetent social, interpersonal, and vocational skills; schizophrenia (paranoid type); and immaturity. The psychologists concluded that Bunch's prognosis was poor and recommended intensive counseling, vocational education, regular monitoring by a physician, as well as continued therapy and treatment with anti-psychotic medications.

At the hearing before the administrative law judge, the claimant testified that she had lost her jobs because the businesses closed, she had been caught shoplifting and, one program was discontinued. According to Bunch, her daily activities included taking her daughter for walks in the park, watching television, cleaning, cooking, grocery shopping, and doing the laundry. The appellant further stated that she is able to take the bus, goes to church occasionally, and visits with her sisters and friends on occasion.

The administrative law judge scheduled a consultative examination following the hearing with a Dr. William C. Strang, a psychiatrist. Upon examination, Dr. Strang found the claimant to be polite, cooperative and able to respond to questions in a relevant and coherent manner; oriented as to time, date and place; and her thought stream flowed at a normal rate and rhythm. Bunch informed Strang that she had not heard voices for some three months and attributed this to the regularity with which she was taking her medications. Dr. Strang determined that the appellant was "schizophrenic, presently in remission with medication" and concluded that so long as Bunch remained on her

anti-psychotic medications, her ability to maintain emotional stability and contact with reality was average. After reviewing the medical evidence and the testimony at the hearing, the administrative law judge concluded that the claimant was suffering from chronic schizophrenia, presently in remission with medications. The administrative law judge found that, although Bunch had an acute episode of schizophrenia from March 17 through May of 1982, the medical evidence failed to demonstrate that her mental impairment interfered with her ability to engage in any substantial gainful activity for a continuous twelve month period. Moreover, noting that the claimant's daily activities, "reflect an ability to relate to others, a lack of constriction of interest, and adequate mobility," the administrative law judge determined that Bunch's "allegations that she is unable to work due to her mental illness is not credible." The administrative law judge concluded that because Bunch, "does not have any impairment or impairments which significantly limit her ability to perform basic work-related functions, ... [she] does not have a severe impairment" and is not disabled.

Bunch argues that the administrative law judge's determination that her mental impairment was not severe was not supported by substantial evidence. Additionally, the appellant contends that the injunction entered in *Mental Health Ass'n. of Minn. v. Schweiker*, 554 F.Supp. 157 (D.Minn.1982) *aff'd.* in relevant part sub nom. *Mental Health Ass'n. of Minn. v. Heckler*, 720 F.2d 965 (8th Cir.1983) compelled the administrative law judge to, "go beyond Sec. 12.03 in determining if Ms. Bunch suffered from a disability."

## II.

A. *The Determination that Bunch's Mental Impairment is not Severe.*[4]

■ Judicial review of the Secretary's final decisions is governed by 42 U.S.C.

---

4. At the outset we note that Bunch's appeal is not affected by our court's decision in *Johnson*

*v. Heckler*, 769 F.2d 1202 (7th Cir.1985) enjoining Social Security Ruling 82–56 ("SSR 82–56")

§ 405(g). We must uphold the Secretary's factual determinations if they are supported by substantial evidence based on the record as a whole. *Davis v. Califano*, 603 F.2d 618, 625 (7th Cir.1979). Substantial evidence is that which "a reasonable mind might accept as adequate to support the conclusion." *Taylor v. Schweiker*, 739 F.2d 1240, 1241 (7th Cir.1984). "If the record contains such support, we must affirm unless there has been an error of law." *Id.* (citations omitted). A reviewing court must not reweigh the evidence or substitute its judgment for that of the Secretary. *McNeil v. Califano*, 614 F.2d 142, 145 (7th Cir.1980).

The Social Security Regulations prescribe a sequential inquiry to be followed in determining whether a claimant is disabled.[5] *Taylor*, 739 F.2d at 1241 n. 1. A

negative answer in step two (whether the claimant's impairment is "severe") leads to a determination that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

> "What we mean by an impairment(s) that is not severe.
>
> (a) *Non-severe Impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>
> (b) *Basic Work Activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—
>
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

and 20 C.F.R. 404.1520(c) defining "severe," "insofar as they violate the [Social Security] Act." *Id.* at 1215. The suit was brought by a class of Illinois plaintiffs (a class to which Bunch, an Indiana resident, does not belong) who presented unrebutted medical evidence that because of their impairment or combination of impairments they did not retain the residual functional capacity to perform their past work. *Id.* at 1205–06. Our court found that SSR 82–56 and 20 C.F.R. 404.1520(c) violated the Act in two ways: First, SSR 82–56 provided, "[w]hen there is no significant limitation on the ability to perform these types of basic work related functions, *an impairment will not be considered to be severe even though it may prevent the individual from doing work the individual has done in the past.*" *Id.* at 1205 (emphasis added). The legislation governing disability determinations places an initial burden on the claimant of demonstrating an impairment that prevents him from performing his previous work. *Johnson*, 469 F.2d at 1210. Once the claimant demonstrates such an impairment, the burden shifts to the Secretary, to demonstrate "that the claimant remains capable of performing other work in view of the vocational factors of age, education, and work experience." *Id.* We held that SSR 82–56 violated the Act because it denied, "benefits even to the plaintiff who has carried his prima facie burden [of demonstrating an impairment that prevents him from performing his previous work]" without the "individualized assessment of disability guaranteed by the Act." *Id.* at 1210, 1211. As will be explained more fully in the text, Bunch testified that she lost her jobs because the businesses closed, she was caught shoplifting, and one program was discontinued. Thus, Bunch, failed to meet her burden of demonstrating an impairment that

prevents her from performing her previous work in contrast to the *Johnson* plaintiffs who met the burden.

The second ground on which the Social Security Regulations were enjoined was their treatment of the combination of nonsevere impairments and the determination of disability. On August 20, 1980, the Secretary amended the disability regulations to provide that, in determining whether a combination of impairments was severe, she would, "consider the combined effects of unrelated impairments only if all were severe." 20 C.F.R. 404.1520(c). *See also* SSR 82–56. We held that the plain language of the Social Security Act and its legislative history compel the conclusion that, "the original intention of Congress was to ensure that non-severe impairments were combined in determining whether a disability exists." *Johnson*, 769 F.2d at 1215. Because Bunch relies on a single impairment, her mental illness, rather than multiple impairments, she is not affected by this aspect of the *Johnson* decision.

5. "The following steps are addressed in order. (1) Is the claimant presently unemployed? (2) Is the claimant's impairment 'severe?' (3) Does the impairment meet or exceed one of the list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step, or on steps (3) and (5) to a finding that the claimant is disabled. A negative answer, at any point other than step (3), stops inquiry and leads to a determination that the claimant is not disabled." *Taylor*, 739 F.2d at 1241 n. 1.

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in routine work settings.

20 C.F.R. §§ 404.1521, 416.921.

Bunch contends that a "fair reading of the ... medical evidence leaves no doubt that [she] is suffering from a severe mental impairment." [6] In his evaluation of the evidence, the administrative law judge concluded that Bunch "has chronic schizophrenia, presently in remission with medication." Moreover, the administrative law judge stated:

"The claimant's ... mental impairment is found to respond to appropriate treatment. Although the claimant had an acute episode of schizophrenia from March 17, 1982 through May, 1982, the medical evidence does not show that the claimant's mental illness interfered with her ability to engage in any substantial gainful activity for a continuous 12 month period. The claimant's schizophrenia does not meet or equal Section 12.03 of the Listing of Impairments in Appendix 1, Subpart P of Regulations No. 4. The claimant's allegation that she is unable to work due to her schizophrenia is found not to be credible. The claimant's daily activities reflect an ability to relate to others, a lack of constriction of interest, and adequate mobility. The claimant's daily activities are found to be consistent with the ability to perform basic work-related activities. It is further found that the claimant does not have any impairment or impairments which have significantly limited her ability to perform basic work-related functions for a continuous 12 month period; therefore, the claimant does not have a severe impairment. It is concluded that the claimant was not under a 'disability' as defined in the Social Security Act, at any time through the date of this decision."

Initially, we examine the record to ascertain whether the administrative law judge's determination that Bunch's mental impairment responds to appropriate treatment is supported by substantial evidence. Bunch's medical records from Wishard Memorial Hospital revealed that she began to display bizarre behavior and became withdrawn shortly after she failed to receive her last scheduled injection of Prolixin. Bunch received anti-psychotic medications at Wishard and improved significantly; her thought processes became increasingly logical and sequential and she no longer appeared delusional. Moreover, after she was treated with anti-psychotic medications at Central State Hospital, Bunch was described by her treating physician as alert, in contact with reality, coherent, relaxed and cooperative, with no limitations on her mental capacity or ability to concentrate. Indeed, both Drs. Conley and Parish reported that treatment with Prolixin controlled her "thought disorder" and Bunch informed Dr. Strang that she had not heard voices for some three months since she began taking her medications regularly.

Furthermore, a reading of Bunch's testimony supports the administrative law

---

**6.** Apparently misled by the administrative law judge's reference to "Sec. 12.03 of the Listing of Impairments in Appendix 1, Subpart P of Regulations No. 4" (relevant only to whether Bunch's mental impairment met or equaled a listed impairment—a determination made at step three of the sequential evaluation process), Bunch argues that the evidence supports a finding that her medical impairment meets or equals Sec. 12.03. However, a review of the administrative law judge's Findings reveals that he found that Bunch's mental impairment was not severe (a step two determination). Thus, Bunch's argument that she should have been found disabled at step three misses the point because the administrative law judge determined that she had not fulfilled the step two requirement of demonstrating a "severe" impairment. Since Bunch blends her argument that her mental impairment met or equaled Sec. 12.03 with her contention that her impairment was severe, we will treat her brief as arguing that her impairment is severe.

judge's determination that "her allegation that she is unable to work due to her schizophrenia is not credible" and that her daily activities are, "consistent with the ability to perform basic work-related activities." A review of the transcript of Bunch's testimony reveals that she was able to respond in an intelligent fashion and tell the administrative law judge how much money she would have if she were given various combinations of pennies, dimes and quarters. When asked, "what would you do if I asked you to go get a pack of cigarettes for me?", Bunch responded, "I'd ask you for the money and what kind of cigarettes you smoked." Moreover, Bunch informed the administrative law judge that she had lost her jobs because the businesses closed, she had been caught shoplifting, and one program was discontinued. Additionally, Bunch testified that her daily activities included taking her daughter for walks in the park, watching television, cleaning, cooking, grocery shopping, and doing the laundry. Finally, at the interview Bunch disclosed that she goes to church on occasion, that she is able to take the bus, and on occasion visits with her sisters and friends.

■■ As we noted earlier, a reviewing court must not reweigh the evidence or substitute its judgment for that of the Secretary. *McNeil,* 614 F.2d at 145. We may only determine whether the evidence and inferences based on the evidence are such that a reasonable mind would accept them as adequate to support the conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). We hold that the medical evidence and Bunch's testimony before the administrative law judge are sufficient to support a conclusion that her mental impairment did not significantly limit her ability to do basic work activities including use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. *Cf. Taylor,* 739·F.2d at 1243. Accordingly, we hold that the administrative law judge's finding that Bunch's mental impairment was not severe is supported by substantial evidence

and thus affirm the Secretary's decision to deny benefits to Bunch.

B. *Mental Health Ass'n of Minn. v. Schweiker.*

■ In *Mental Health Ass'n of Minn. v. Schweiker,* 554 F.Supp. 157 (D.Minn.1982) *aff'd. in relevant part sub nom. Mental Health Ass'n of Minn. v. Heckler,* 720 F.2d 965 (8th Cir.1983), Social Security claimants brought a class action challenging the procedure used by the Secretary in disability determinations of the severely mentally ill in Region V of the Department of Health and Human Services (Minnesota, Wisconsin, Illinois, Indiana, Michigan and Ohio). The policy challenged by the plaintiffs concerned the residual functional capacity determination made in the fourth step of the sequential evaluation process. The district court found:

> "The policy prevalent in Region V was for state DDS agents to apply a *presumption* that those claimants whose mental impairments were not as severe as those in the Listing of Impairments retained a sufficient R.F.C. to do at least unskilled work. The effect of this presumption was that mentally impaired claimants ruled ineligible for benefits under the third step were presumed ineligible under the subsequent steps, thereby bypassing the individual assessment required in the fourth level."

720 F.2d at 968. The injunction forbids the officers of Region V of the Social Security Administration and its agents from, "drawing any conclusion regarding the extent of residual functional capacity (RFC) from the fact that the individual fails to meet or equal the Appendix Listing Sec. 12.00." *Mental Health Ass'n of Minn.,* 554 F.Supp. at 168. On appeal, the Eighth Circuit narrowed the definition of the class:

> "By definition, it is apparent that only those class members whose benefits were terminated or denied on the basis of a restrictive RFC determination have been affected by the presumption. Those persons denied benefits, or terminated, for reasons discrete from the pre-

sumption, appear unscathed. To the extent the district court order mandates review of these latter cases, the order is unjustifiably broad. Therefore, in the class refinement process it is incumbent on the Secretary to determine the basis of the denial or termination. Under our modification of the decree, readjudication as well as reinstated benefits pending such review shall be afforded only those class members whose benefits were terminated or denied on the basis of an RFC determination. It is only in those cases that the illegal presumption possibly had an effect."

720 F.2d at 974. As explained more fully above, Bunch, a resident of Indiana, was denied benefits because her mental impairment is not severe (a step two determination). Because the administrative law judge did not proceed to the subsequent steps of the sequential evaluation process, the question of whether the administrative law judge applied the presumption enjoined in *Mental Health Ass'n. of Minn.* (that an individual whose mental impairment is not as severe as those contained in the Listing of Impairments is capable of performing at least unskilled work) did not arise. Since Bunch was not denied benefits on the basis of the forbidden presumption, she is not a member of the class of person affected by *Mental Health Ass'n. of Minn.* Accordingly, we hold that Bunch's contention that the administrative law judge's evaluation of her disability violated the *Mental Health* injunction is without merit.

The decision of the district court is AFFIRMED.