**Felicita MUNOZ, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 85–1728.**

United States Court of Appeals, First Circuit.

Heard Feb. 6, 1986.

Decided April 23, 1986.

Manuel Medina Jaca, Rio Piedras, P.R., for plaintiff, appellant.

Mary Gludt, Social Security Administration, with whom Nathan K. Kobin, Office of the Gen. Counsel, Baltimore, Md., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, Office of the Gen. Counsel, and A. George Lowe, Chief, Disability Litigation Branch, Baltimore, Md., were on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

BREYER, Circuit Judge.

Appellant, a sixty-two year old woman, is a former cook's helper who seriously in-

jured her right hand. The Department of Health and Human Services (HHS) denied her claim for disability benefits under the Social Security Act. 42 U.S.C. § 423. It decided that she had not shown any impairment that "significantly limits" her "ability to do basic work activity;" hence, she was disqualified from proceeding beyond step two of the five-step sequential process that HHS applies in determining eligibility for Social Security insurance benefits. 20 C.F.R. § 404.1520. This second step directs the ALJ to determine whether the claimant has a severe impairment without considering the claimant's age, education, work experience, or ability to perform past work. Only if he finds a severe impairment does the ALJ proceed to the next three steps which require him to consider age, education, work experience, and ability to work. Appellant sought judicial review of the denial of benefits in federal court. The district court, while believing that HHS had not adequately notified appellant of her right to be represented by counsel, concluded that the ALJ had sufficiently developed all the relevant evidence and that the evidence adequately supported the Department's denial of benefits.

We disagree with the district court's ultimate conclusion. The Secretary of HHS, perhaps in reaction to judicial criticism of HHS administration of step two, *compare, e.g., Yuckert v. Heckler,* 774 F.2d 1365, 1367–70 (9th Cir.1985) (step two is contrary to the statutory mandate and therefore invalid) *with Baeder v. Heckler,* 768 F.2d 547, 550–53 (3rd Cir.1985) (step two is lawful if interpreted to disqualify only where it means a slight abnormality with a minimal effect), has recently promulgated a ruling "to clarify" step two. That Ruling reads, in relevant part, as follows:

> A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.

> .     .     .     .     .

> *If the medical evidence* establishes only a slight abnormality(ies) which has not more than a minimal effect on a claimant's ability to do basic work activities, but evidence *shows that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate.* The inability to perform past relevant work in such instances warrants further evaluation of the individual's ability to do other work considering age, education and work experience.

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the severe evaluation step.

Ruling 85–28, [1985 Transfer Binder] Unempl.Ins.Rep. (CCH) ¶ 16,400 (SSR–85–28) (emphasis added).

The government in its brief concludes that this Ruling was "not applied in appellant's case." But it adds that, if the ALJ had applied the Ruling "the administrative decision would have been the same." We do not believe that this is necessarily so. The appellant described her former job (cook's helper) as requiring her to lift and to carry, for short distances, heavy pots, pans and groceries (weighing up to ninety pounds); open food cans with a manual can opener; peel vegetables and other groceries; cook, serve the food and clean the table; wash the dishes and cooking equipment; and sweep and mop the floor. The medical evidence, including evidence that she could not readily lift weight with her right hand, might have led the ALJ to conclude that she could not perform "her past relevant work," and that he therefore

should go on to apply the next sequential steps in the administrative process. For this reason, we believe a new hearing is required.

*The judgment of the district court is vacated, and the case remanded for further proceedings consistent with this opinion.*