Ines ANDRADES, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.

No. 85–1804.

United States Court of Appeals, First Circuit.

Argued Feb. 6, 1986.

Decided May 7, 1986.

Salvador Medina De La Cruz, Rio Piedras, P.R., for plaintiff, appellant.

Mary Gludt, Social Security Admin., Baltimore, Md., with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, A. George Lowe, Chief, Disability Litigation Branch, and Edgar Calin, Office of the General Counsel, Social Security Div., Baltimore, Md., were on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Ines Andrades appeals from a judgment of the United States District Court for the District of Puerto Rico affirming a decision of the Secretary of Health and Human Services to deny him disability benefits under section 223 of the Social Security Act, 42 U.S.C. § 423 (1982).

Andrades has an eighth grade education plus two years of vocational training in automobile mechanics. He worked for some 36 years, first as a mechanic and later as a motor crane operator. In April 1981, Andrades injured his back in a job-related accident, and he has been unable to return to work since. On March 8, 1983, he filed an application for disability benefits alleging disability since April 14, 1981 due to nerves, a cardiac condition, allergies and varicose veins.

The administrative law judge determined that Andrades had severe hypertension, myocardiac dysfunction, varicose veins, atypical dermatitis, and a mild anxiety disorder, and found that Andrades's allegations of pain and shortness of breath were credible and supported by other evidence in the record. He determined that Andrades was unable to perform his past relevant work as a mechanic or crane operator, and did not have any acquired work skills which were transferable to other skilled or semi-skilled work. Accordingly, after taking

into consideration Andrades's residual functional capacity, age, education, and work experience, 42 U.S.C. § 423(d)(2)(A) (1982), the ALJ found Andrades to be "disabled."

The Appeals Council reversed. It found that while Andrades suffered from hypertension, slight anxiety disorder, lumbosacral strain, and atypical chest pain, none of these impairments was "severe" within the meaning of "Step 2" of the sequential disability evaluation procedure promulgated by the Secretary and codified at 20 C.F.R. § 404.1520 (1985).

The "non-severe" inquiry relied upon by the Appeals Council stems from the requirement in section 223(d)(1)(A) of the Social Security Act, 42 U.S.C. § 423(d)(1)(A) (1982), that in order to be considered "disabled," a claimant must have a "physical or mental impairment." In the Social Security Amendments of 1967, Congress added to section 223(d)(2)(A) a requirement that a claimant

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any kind of substantial gainful work which exists in the national economy....

42 U.S.C. § 423(d)(2)(A) (1982).

In 1968, the Secretary issued regulations providing that "[m]edical considerations alone may justify a finding that the individual is not under a disability where the only impairment is a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of abnormalities." 20 C.F.R. § 404.1502(a) (1969), 33 Fed.Reg. 7244 (1968).

■ In 1978, the Secretary modified his regulations, this time constructing a five-stage inquiry for determining whether a claimant is disabled. A determination of disability or non-disability at any stage precludes further review. Step 2 of the new regulations, as modified in 1980, provides as follows:

(c) *You must have a severe impairment.* If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c) (1985).

This "Step 2" regulation, promulgated in 1978, has led to considerable controversy. Critics claim that the regulation has unfairly increased the number of claimants who—solely because the Secretary characterizes their impairments as non-severe, and without inquiring into the vocational effect of these impairments—are denied benefits. A House of Representatives report indicates that in 1975, pursuant to the 1968 regulations, only 8.4 percent of applicants for disability benefits were denied benefits on the basis of medical factors alone. In 1982, however, under the new regulation, more than 40 percent of applicants were denied benefits based purely on medical factors, without examination of their age, education, or past relevant work experience. *Background Material and Data on Major Programs Within Jurisdiction of the Committee on Ways and Means: Report of the House Committee on Ways and Means*, 98th Cong., 1st Sess. 79 (1983); *Baeder v. Heckler*, 768 F.2d 547, 552 (3d Cir.1985). A number of courts have struck down the regulation, noting that Congress specifically included both medical *and* vocational factors in its statutory definition of disability, 42 U.S.C. § 423(d)(2)(A), (d)(3), while the regulation permits a finding of disability on medical factors alone. *See, e.g., Hansen v. Heckler*, 783 F.2d 170, 173–76 (10th Cir.1986); *Yuckert v. Heckler*, 774 F.2d 1365, 1368–70 (9th Cir.1985); *Johnson v. Heckler*, 769 F.2d 1202, 1210–13 (7th Cir.1985); *see also Baeder v. Heckler*, 768 F.2d at 550–53.

Partly in response to these rulings, the Secretary issued in October 1985 a policy statement designed "[t]o clarify the policy

for determining when a person's impairments may be found 'not severe' and, thus, the basis for a finding of 'not disabled' in the sequential evaluation of disability[.]" Social Security Ruling 85–28. The Secretary has now concluded that the 1978 regulations should be construed as effecting no change in the severity standards established in the 1968 regulations. Specifically, the Secretary has said that a finding that an impairment is "not severe" is only appropriate where,

> medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered.... If the medical evidence establishes ... that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate. The inability to perform past relevant work in such instances warrants further evaluation of the individual's ability to do other work considering age, education and work experience.

*Id.*

Thus, by means of Ruling 85–28, the Secretary now makes it clear that the Step 2 "non-severe" inquiry was designed to screen out only "totally groundless claims." *Farris v. Secretary of Health & Human Services,* 773 F.2d 85, 89 (6th Cir. 1985). In particular, benefits may not be denied at the Step 2 stage of the sequential evaluation process if a disability, whatever its level of severity, leaves a claimant unable to perform his or her past relevant work. In such event, further evaluation, designed to show whether the claimant can perform other work, is required.

■ In the decision by the Appeals Council in the present case, there was no reference to the 1968 standards, and no indication that the Council was interpreting the language of Step 2 in the limited way required in Ruling 85–28. To the contrary,

it seems likely the Council construed the Step 2 language expansively, in a manner inconsistent with the Secretary's recent ruling. At oral argument, counsel for HHS conceded that because it found his impairment to be "not severe," the Appeals Council never reached the issue of whether Andrades was able to perform his past relevant work. Yet as the ALJ had expressly found that Andrades could *not* perform his past relevant work, this was an issue the Appeals Council should have addressed. If Andrades is in fact disabled from performing his past work, a denial of benefits at the Step 2 level would not be appropriate in any event.

There is sufficient evidence from which the Secretary might have determined that Andrades's combined impairments were severe enough to survive Step 2 of the 1978 regulations as now construed, and to have therefore required proceeding to the remaining stages of the five-step inquiry. We accordingly vacate the judgment of the district court and remand to that court with directions that it remand the case to the Secretary with instructions to review Andrades's claim afresh in light of Ruling 85–28 and the considerations referred to in this opinion. *See Munoz v. Secretary of Health & Human Services,* 788 F.2d 822 (1st Cir.1986). We express no opinion as to whether Andrades's combined impairments should ultimately be found to be "severe" under the standards set forth in Ruling 85–28, nor do we express any view as to the ultimate merits of Andrades's claim.

*Vacated and remanded.*