Robert D. MARTIN, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health
and Human Services, Defendant.

No. L 84–145.

United States District Court,
N.D. Indiana,
Hammond Division.

Jan. 27, 1987.

Margaret G. Robb, Lafayette, Ind., for
plaintiff.

David H. Miller, Asst. U.S. Atty., Fort
Wayne, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before the court on the defendant's objections to a Report and Recommendation filed by United States Magistrate Robin D. Pierce on November 26, 1986. The Magistrate advised in his report that any objections must have been filed within ten days from receipt of notice or right of appeal to the district court's order would be waived, with reference to *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) and *Video Views, Inc. v. Studio 21 Ltd.*, 797 F.2d 538 (7th Cir.1986).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the cause was referred Magistrate Pierce on October 8, 1986. Having obtained an extension of time, the defendant filed objections to the report on January 12, 1987. Section 636 further provides that

> [a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also received further evidence or recommit the matter to the magistrate with instructions.

28 U.S.C. § 636(b)(1)(C).

Having reviewed the record and the defendant's objections, the district court adopts the Magistrate's Report and Recommendation, but will take the opportunity to comment on the current status of applicable law, which reinforces remand for further consideration.

The defendant objects first that the plaintiff failed to meet his initial burden of showing impairments which would prevent him from performing his past work, as required by *Johnson v. Heckler*, 769 F.2d 1202 (7th Cir.1985), and *Bunch v. Heckler*,

778 F.2d 396 (7th Cir.1985). Secondly, the defendant objects to the Magistrate's suggestion that the Administrative Law Judge (ALJ) did not properly consider the combined effects of the plaintiff's impairments in a manner consistent with *Johnson.*

The ALJ found the plaintiff to be impaired by chronic pancreatitis, hyperlipedemia, diabetes mellitus, hypersplenism and reflex esophagitis, but not of a severity to limit his ability to perform basic work activities, having also considered the plaintiff's complaints of pain and depression to be incredible.

In reviewing the ALJ's decision, the Magistrate recited from the record that Robert Martin was born on February 13, 1951, achieved an 11th grade education, and has been employed on a farm, in a factory, and as a truck driver. His medical history reveals numerous hospitalizations for diabetes, pancreatitis, chronic cholecystitis, subphrenic abcesses, hyperlipedemia, chronic cirrhosis of the liver, a series of surgeries, and other health and dietary problems.

The defendant argues that disabling cirrhosis is not supported by the evidence, and that the ALJ properly discounted the plaintiff's liver problems. Rejecting disability by virtue of an enlarged spleen, the defendant acknowledged a diagnosis of either portal hypertension or hypersplenism secondary to splenic vein thrombosis. Having noted that the plaintiff's subphrenic abscesses have been drained, and that his diabetes and other problems were found maintainable by diet, the defendant rejected the diagnoses of plaintiff's treating physicians as biased. He asserts that the severity of plaintiff's impairments were properly decided at Step Two, without consideration of vocational and other factors, relying on *Bunch* over *Johnson* as legal authority.

The history associated with *Johnson* and *Bunch* reveals legislative and administrative complexities which have produced division within and among the federal circuit courts. In simplified form, the Social Security Act initially defined disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months, § 223(d)(1)(A), 42 U.S.C. § 423(d)(1)(A).

A 1967 amendment added that an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, 42 U.S.C. § 423(d)(2)(A).

Shortly thereafter a regulation was codified which provided that medical considerations alone might justify a finding of no disability where the only impairment is slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of abnormalities, 20 C.F.R. § 404.1502(a) (1969). This regulation is reported to have produced only an 8.4% denial of disability on medical factors alone. See *Andrades v. Sec.,* 790 F.2d 168, 170 (1st Cir.1986), citing Report of the House Committee on Ways and Means, 98th Cong., 1st Sess. 79 (1983).

From 1978 to 1980 the administration developed a five stage inquiry to determine disability, which included the controversial Step Two and which provides:

> You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c) (1985). Under this approach more than 40% of the claims were reported to have resulted in denial on medical considerations alone, *Andrades,* 790 F.2d at 170.

The tension between Step Two and the Act, which calls for consideration of vocational and other factors, has led to division in the courts. The First Circuit recently clarified its position in *McDonald v. Sec.*, 795 F.2d 1118 (1st Cir.1986), focusing in large part on the Secretary's most recent response to the controversy in October of 1985, as found in Ruling 85–28. The Ruling essentially reiterates the 1968 regulation, indicating that a finding of non-severe should be made only where slight abnormality would have no more than a minimal effect on the ability to work, even if the individual's age, education, or work experience were specifically considered. The Ruling is consistent with those jurisdictions which have held that a two-step procedure is valid as a *de minimus* screening device to dispose of groundless claims. See *id., Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir.1984), *Stone v. Heckler*, 752 F.2d 1099 (5th Cir.1985), *Davis v. Heckler*, 759 F.2d 432 (5th Cir.1985), (remand for consideration of "slight abnormality" standard), *Farris v. Sec.*, 773 F.2d 85 (6th Cir.1985), *Williamson v. Sec.*, 796 F.2d 146 (6th Cir. 1986), *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984), *Pratt v. Heckler*, 629 F.Supp. 1496 (D.C.Cir.1986) (remand where denial was based on inability to do basic work activities instead of inability to do previous work). The Second Circuit, having acknowledged the existence of the problem, declined to decide the issue in *Chico v. Schweiker*, 710 F.2d 947 (2d Cir.1983), and *Keith v. Heckler*, 732 F.2d 1089 (2d Cir. 1984), opting to await the Secretary's revisions.

The Eighth, Ninth, and Tenth Circuits have held that the regulation allowing a two-step determination is invalid. See *Brown v. Heckler*, 786 F.2d 870 (8th Cir. 1986), *Yuckert v. Heckler*, 774 F.2d 1365 (9th Cir.1985), and *Hansen v. Heckler*, 783 F.2d 170 (10th Cir.1986), all having been confronted with Ruling 85–28. (See *McDonald*, 795 F.2d n. 6 at 1125.) *McDonald* interprets the Secretary's ruling as being in conformity with the position of the Third Circuit in *Baeder v. Heckler*, 768 F.2d 547 (3d Cir.1985), *McDonald*, 795 F.2d at 1125.

In our own circuit, under *Johnson*, as later limited in *Bunch*, a two-step determination remains valid where the plaintiff has failed to show an inability to return to former work. The court in *Bunch* found that on the basis of that record, the plaintiff had not established that her schizophrenia would prevent her from performing basic work activities. This court recognizes that an analysis of *Johnson* and *Bunch* reveals division, not only among the circuits, but also within the Seventh Circuit. See *Johnson v. Heckler*, 769 F.2d 1202, *reh. denied,* 776 F.2d 166 (7th Cir. 1985), *petition for cert. filed,* 54 U.S.L.W. 3600 (U.S. Feb. 27, 1986). Although the Supreme Court has not yet ruled on the *Johnson* petition, it has granted *certiorari* to the Secretary in a related Ninth Circuit case. See *Yuckert v. Heckler*, 774 F.2d 1365 (9th Cir.1985), *cert. granted,* —— U.S. ——, 106 S.Ct. 1967, 90 L.Ed.2d 652 (1986). (Having granted certiorari on May 19, 1986, the Supreme Court heard argument on January 13, 1987, and will likely decide the case before the end of June. The outcome should determine if Step Two contradicts the Act, or if it remains a valid *de minimus* screening device under Ruling 85–28.)

Meanwhile, *Johnson* and *Bunch*, neither of which addresses the effect of Ruling 85–28, remain the applicable cases in the Seventh Circuit. The Magistrate in this case properly determined that this record as it stands does not support *Bunch* as controlling. The court notes that the Magistrate's Report and Recommendation gives no direction as to the outcome upon remand, suggesting only that the procedures followed should take into account the holding in *Johnson*, clarification as the case relates to *Bunch*, and careful consideration of the combined effect of impairments. This court would add the suggestion that in view of the "slight abnormality" language of Ruling 85–28, and the agreed importance of the ability to perform past work, any decision made at Step Two should clearly address and deal with these matters, with the added caveat that any Step Two deci-

sion remains problematic under the current status of the law.

Having reviewed the record *de novo*, the court finds justification for adopting the Report and Recommendation filed November 26, 1986. Therefore, the Report and Recommendation of the United States Magistrate, Robin D. Pierce, is hereby adopted.

It is the ORDER of the court that the case be remanded to the Secretary for the purpose of conducting a new hearing and making fresh findings consistent with the Magistrate's Report and Recommendations and this opinion. SO ORDERED.