Betty A. UNDERWOOD, Appellee,

v.

Otis R. BOWEN, Appellant.

No. 86–5124.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1986.
Decided Dec. 16, 1986.

Ted K. Yasuda, Chicago, Ill., for appellant.

John Weinard, Jr., Bloomington, Minn., for appellee.

* The Honorable Fred J. Nichol, United States Senior District Judge, District of South Dakota,

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and NICHOL,* Senior District Judge.

HENLEY, Senior Circuit Judge.

Betty A. Underwood applied for a period of disability and disability insurance benefits under 42 U.S.C. §§ 416(i) and 423. The Secretary of Health and Human Services denied her application and she sought judicial review pursuant to 42 U.S.C. § 405(g). On cross motions for summary judgment, the district court adopted a magistrate's Report and Recommendation to reverse the Secretary's decision. The Secretary brings this appeal. We reverse and remand.

Underwood first filed an application for disability on April 27, 1981. She alleged that she sustained a back injury at work on June 19, 1980 and that as a consequence she was unable to continue her employment. The application was denied initially and on reconsideration. Underwood then filed a request for a hearing, but later withdrew it. Consequently, the decision not to reconsider, made on June 30, 1981, became the final decision of the Secretary. 20 C.F.R. § 404.921 (1986).

On May 10, 1983, Underwood again filed an application for benefits. The Secretary denied the application initially and on reconsideration. A hearing was conducted on February 9, 1984. The Administrative Law Judge (ALJ) refused to review the denial of Underwood's initial application. In addition, the ALJ concluded that Underwood was not disabled and had the functional capacity to do light and sedentary work. Consequently, the ALJ dismissed her claim.

The district court adopted the magistrate's Report and Recommendation and reversed the Secretary's decision. The magistrate initially found that the ALJ had effectively reopened determination of the initial application. The magistrate also concluded that the ALJ erred by disregarding Underwood's complaints of pain. The

sitting by designation.

district court remanded the case for determination of benefits.

 The Secretary initially contends that the district court erred in finding that the ALJ reopened the first application. We agree. It is settled that a district court cannot review the Secretary's decision not to reopen a prior determination. *Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). However, if the Secretary reconsiders the merits of an application previously denied, the matter is considered reopened and subject to judicial review. *Jelinek v. Heckler*, 764 F.2d 507, 508 (8th Cir.1985). This decision can be reviewed even if the Secretary decides to deny the claim. *Id; see also Anderson v. Heckler*, 805 F.2d 801, 805 (8th Cir.1986).

 The narrow exception to *Califano* created by *Jelinek*, however, does not apply in this case. First, the ALJ explicitly found that the reconsideration determination of June 30, 1981 was a final decision. Moreover, the ALJ did not effectively review the merits of the first application. Evidence accompanying that application was reviewed for the sole purpose of resolving the reopening issue. In addition, the ALJ's discussion of Underwood's medical history prior to the filing of her second application was relevant to determining the validity of her claim. The ALJ's use of evidence presented with her first application to determine that history does not amount to a reopening of the first application. *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir.1986). Therefore, the district court only had jurisdiction to review the ALJ's decision disallowing Underwood's claim for the period after June 30, 1981, the date of the reconsideration determination of her first application.

 The district court also held that the ALJ erred by rejecting Underwood's subjective complaints of pain. Basically, the magistrate's Report and Recommendation adopted by the district court cites the ALJ for inadequately evaluating the evidence and giving too much weight to various inconsistencies in the record. We disagree. Credibility problems of subjective complaints of pain in the first instance are for the ALJ. *Smith v. Heckler*, 760 F.2d 184, 187 (8th Cir.1985). An ALJ's credibility determinations of subjective pain complaints will not be overturned if they are supported by substantial evidence. *Johnson v. Heckler*, 744 F.2d 1333, 1338 (8th Cir.1984). Moreover, an ALJ may discount subjective complaints where there are inconsistencies in the entire record. *Id.*

 In this case, the ALJ's decision reflected a complete consideration of the record. Objective medical evidence clearly does not support Underwood's complaints. In addition, the record contains much evidence that is inconsistent with her claims. When reviewing the record in its entirety, we conclude that the ALJ's decision is supported by substantial evidence.

We, therefore, reverse the decision of the district court and remand with direction to grant the Secretary's motion for summary judgment.