**Carol A. LIVELY, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

**No. 86–2024.**

United States Court of Appeals, Eighth Circuit.

Submitted April 24, 1987.

Decided May 27, 1987.

Before ROSS, ARNOLD and MAGILL, Circuit Judges.

PER CURIAM.

Carol A. Lively appeals from the district court's[1] order granting the Secretary of Health and Human Services' (Secretary) motion to dismiss Lively's action for lack of subject matter jurisdiction. We affirm.

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

## I. FACTS

This case arises out of Lively's attempts to obtain a reconsideration of the Secretary's initial determination that she was no longer entitled to social security benefits. Lively applied for disability and disability insurance benefits on April 18, 1977. The Secretary approved the application on February 13, 1978. Three years later, however, in May 1982, the Secretary determined that Lively had regained the ability to perform substantial gainful activity. On June 22, 1982, Lively was sent notice of the Secretary's initial determination that her benefits would cease in July 1982. Lively did not file a request for reconsideration until two and one-half years later, on October 16, 1984. On January 28, 1985, Lively was notified that good cause was not found to extend the time limit for filing a motion for reconsideration (60 days). Subsequent to that determination, an Administrative Law Judge (ALJ) informed Lively that she was not entitled to an administrative hearing because of her failure to obtain a reconsideration determination. Lively then filed a request for review of the ALJ's determination with the Appeals Council. On July 30, 1985, the Appeals Council upheld the ALJ's decision.

Following the Council's decision, Lively filed for judicial review in the district court. The Secretary moved to dismiss Lively's complaint for lack of subject matter jurisdiction, citing Lively's failure to exhaust administrative remedies. The district court granted the Secretary's motion, finding that no "final decision" existed and, therefore, the court lacked subject matter jurisdiction.

On appeal, Lively claims, for the first time, that the Secretary sent her reconsideration notice to "an address obviously known to the Secretary to be wrong * *." She argues that, in sending the reconsideration notice to the wrong address, the Secretary deprived her of her constitutional rights to notice and a hearing.

## II. DISCUSSION

■ Federal courts are empowered to review only "final decisions" of the Secretary in disability benefits cases. Social Security Act, § 205(g), 42 U.S.C. § 405(g). The Secretary's refusal to reconsider a previously-denied claim is not a "final order;" therefore, as a general rule, that determination cannot be reviewed by the district court. *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). Where the claimant raises constitutional questions, however, review is available despite the claimant's failure to exhaust administrative remedies. *See, e.g., Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

■ Lively seeks to invoke the constitutional exception to the general rule of nonreviewability set out in *Califano v. Sanders* for the first time on appeal. Lively did not argue to the Secretary or to the district court that the Secretary knowingly sent her reconsideration notice to an improper address. Consequently, this court need not consider that contention here. Nevertheless, Lively also asserts, again for the first time on appeal, that her problem "was addressed by the U.S. Supreme Court" in *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). In *City of New York*, plaintiffs brought suit alleging that the Secretary adopted "an unlawful, unpublished policy under which countless deserving claimants were denied benefits" and therefore, the statutory limitations period set out in the Act did not bar their complaint. *Id.* at 2026. However, unlike the situation in *City of New York*, Lively does not challenge the procedures employed by the Secretary in terminating her benefits; rather, she attacks the merits of the Secretary's discretionary decision not to reconsider the 1982 determination at the hearing below. As such, the Act's 60-day limitation period for requesting reconsideration is applicable.

Thus, even if this court were to consider the merits of Lively's constitutional claim, the policy challenged here—mailing notices to the claimant's last known address—is both clearly established and, under the circumstances, reasonable. In fact, Lively admitted in her brief that she received information from the Secretary at the address

listed on the termination notice less than three months before the termination notice was mailed to the same address. It is clear then that Lively's constitutional claim was without merit and, therefore, the district court lacked subject matter jurisdiction to review the Secretary's decision denying her motion for reconsideration. *Underwood v. Bowen*, 807 F.2d 141, 143 (8th Cir.1986).

Accordingly, we affirm the district court's judgment dismissing Lively's claim for lack of subject matter jurisdiction. *See* 8th Cir.R. 14.