C.L. TURNER, Appellant,

v.

Otis BOWEN, Secretary of Health and Human Services, Appellee.

No. 87–2688.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 19, 1988.

Decided Dec. 9, 1988.

James Schulze, Little Rock, Ark., for appellant.

Etzion Brand, Baltimore, Md., for appellee.

Before HEANEY, BOWMAN and BEAM, Circuit Judges.

PER CURIAM.

C.L. Turner appeals from the District Court's[1] amended order dismissing his complaint against the Secretary of Health and Human Services (Secretary) as not timely filed under 42 U.S.C. § 405(g). We affirm.

I.

On March 27, 1984, Turner filed an application for disability insurance benefits. After his application was denied initially and upon reconsideration, Turner requested and received a hearing before an Administrative Law Judge (ALJ). At the hearing, Turner was represented by a state representative, who apparently is not an attorney.

On April 11, 1986, the ALJ issued a decision denying benefits and Turner requested review of the decision by the Appeals Coun-

cil. On July 16, 1986, the Appeals Council denied review and informed Turner that he had sixty days to commence a civil action to obtain judicial review of the ALJ's decision. A copy of this letter was mailed to Turner and to his representative. Turner sent the letter to the offices of Senator Dale Bumpers, who by letter dated August 29, 1986, informed Turner that the next step would be to file a complaint in federal district court.

Turner did not contact an attorney until January 9, 1987, at which time the attorney requested the Appeals Council to reverse the agency's decision denying benefits, or to extend the time, pursuant to 20 C.F.R. § 422.210(c), for filing a civil action on the grounds that Turner was illiterate and not represented by an attorney at the hearing. The Appeals Council denied the requested extension on April 8, 1987. The Appeals Council noted that although Turner was illiterate, he had been represented by a state legislator at the hearing and had proceeded through the administrative process in a timely manner. Thereafter, Turner filed a complaint in federal district court seeking review of the Appeals Council's decisions. In response to the Secretary's motion to dismiss, Turner argued that the court should toll the sixty-day statute of limitations of 42 U.S.C. § 405(g).

The District Court dismissed Turner's complaint, concluding that there was no basis for tolling the statute of limitations because Turner had not proved to be a person "unusually disadvantaged in protecting his own interests." This appeal followed.

II.

Judicial review is limited to review of "any final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g). A petition to reopen a claim for benefits can be ruled on without a hearing, and as such, it is not a "final decision of the Secretary made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980,

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

985, 51 L.Ed.2d 192 (1977). *See also Smith v. Heckler,* 761 F.2d 516 (8th Cir.1985); *Sheehan v. Secretary of Health, Educ. & Welfare,* 593 F.2d 323 (8th Cir.1979). Accordingly, the District Court was without subject matter jurisdiction to review the Appeals Council's decision not to reopen Turner's claim for benefits. The same analysis applies to the Appeals Council's decision to deny an extension of time for filing a civil action in federal district court. *See McCall v. Bowen,* 832 F.2d 862, 863 (5th Cir.1987); *Stone v. Heckler,* 778 F.2d 645, 648–49 (11th Cir.1985); *Peterson v. Califano,* 631 F.2d 628, 629–31 (9th Cir. 1980).

We agree with the District Court that, viewing Turner's complaint as an untimely action for judicial review of the underlying denial of benefits, the circumstances here do not justify tolling the sixty-day statute of limitations. Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. *Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir.1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir.1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." *Larson v. American Wheel & Brake, Inc.,* 610 F.2d 506, 510 (8th Cir.1979).

Succinctly stated, this is not a case "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York,* 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.

2d 462 (1986) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)). *See Lively v. Bowen,* 827 F.2d 268, 269 (8th Cir.1987) (no tolling where challenge was not to the procedures employed by Secretary but to the merits of Secretary's decision). *Cf. Bowen v. City of New York,* 476 U.S. at 478–82, 106 S.Ct. at 2029–31 (statute tolled in class action suit where Secretary maintained an unpublished policy that prevented claimants from learning of their rights); *Vernon v. Heckler,* 811 F.2d 1274, 1278 (9th Cir.1987) (case remanded for Secretary to determine if good cause existed for tolling where Social Security Administration employee told claimant not to worry about filing appeal on time because "they'll give you an extension"); *Hyatt v. Heckler,* 807 F.2d 376, 380–81 (4th Cir.1986) (statute tolled in class action challenge to Secretary's secretive policy of noncompliance with law of circuit), *cert. denied,* —— U.S. ——, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987).

The decision of the District Court is affirmed.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. The equities in favor of tolling the statute of limitations period are so great in this case that deference to the agency's judgment is inappropriate. First, Turner had no legal representation at the hearing before the ALJ. The presence of a state representative, who was not a lawyer, does not guarantee that Turner understood his right to appeal or that he knew this right would extinguish if not exercised within a certain time period. Moreover, the ALJ did not ask Turner whether he wanted an attorney at the hearing or inform him of the advantages of having counsel present. The ALJ merely informed Turner that he could have an attorney there if he so desired.[1] When a claimant is illiterate and appears without counsel, the ALJ should discuss with the claimant how counsel can be obtained and

---

1. At the beginning of the hearing, the following exchange occurred:

    ALJ: * * * Mr. Turner, the notice we sent you mention [sic] the fact that you could get a lawyer if you wanted too [sic].

    CLMT: Yes sir.

    ALJ: You appear with Mr. Glover, this afternoon which is quite satisfactory. But I have to mention the fact that you are aware that you could get a lawyer if you wanted too [sic].

    CLMT: Yes sir.

what the benefits of such legal representation are. *Montgomery v. Schweiker*, 529 F.Supp. 124, 128 (D. Maryland 1981); *see also, Cruz v. Heckler*, 593 F.Supp. 45, 52 (S.D.N.Y.1984). Neither the presence of a state representative nor Turner's behavior before the ALJ constitute conduct indicating that Turner had made an informed decision to proceed without counsel. Based on the record before this Court, I seriously question whether Turner's legal rights were adequately protected at the administrative hearing.

Second, Turner is an illiterate farm worker who has had no education of any kind. This impairment prevented Turner from understanding the notice advising him of the 60–day time limit to appeal the ALJ's decision. Turner's ability to comprehend basic legal requirements is, therefore, limited. There is no evidence that Turner learned about the appeal process from the ALJ, his state representative or his wife. Even the letter from Senator Bumpers neglected to inform Turner that his appeal to federal district court would be time-barred if not filed within 60 days of the Appeals Council's decision.

Finally, Turner's appeal from the ALJ's denial of disability benefits is a meritorious one. The ALJ held that, although Turner has a severe impairment, he is a younger individual, able to communicate in English who has past "semi-skilled work experience, driving a tractor." (T. 18). The ALJ, referring to Rule 201.19 of Table No. 1, Appendix 2, Pt. 404, Subpart P, found that Turner was not disabled. This finding is a clear misapplication of the Medical Vocational Guidelines. The ALJ correctly found that Turner was, at the time of the hearing, an individual between the ages of 45 and 49. The ALJ incorrectly stated, however, that Turner had a limited education. The record clearly shows that Turner is completely illiterate, having had no education. The ALJ also erred in determining that Turner's experience as a farm laborer was "semi-skilled work." [2] There is no evidence to indicate that Turner's past work involved more than the simple task of driving a tractor. If the ALJ's factual findings are corrected to reflect the record, Turner would be automatically eligible for disability pursuant to Rule 201.17 of Table No. 1, Appendix 2, Pt. 404, Subpart P. Turner's claim of disability, in my opinion, is meritorious because the ALJ clearly erred in applying the facts to the vocational guidelines, and a correct application of the guidelines would lead to a finding of automatic disability.

Because of the ALJ's failure to inform Turner about the benefits of legal representation at the hearing, Turner's illiteracy, and the misapplication of the guidelines by the ALJ, I feel the 60–day statute of limitations should be tolled and Turner's case should proceed on the merits.

**2.** Semi-skilled work is that which requires some skills, alertness, and close attention to watching machine processes. A job which requires coordination and dexterity may be so classified. 20 C.F.R. § 404.1568(b).

Unskilled work is defined as:

"work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. * * * For example, we consider jobs unskilled if the primary work duties are handling, feeding and off-bearing, * * * or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed."

20 C.F.R. § 404.1568(a).