**Stanislawa BOBOLA, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 90 C 4441.**

United States District Court, N.D. Illinois, E.D.

Jan. 8, 1991.

Craig Ledford, Chicago, Ill., for plaintiff.

Fred Foreman, U.S. Atty. by Craig A. Oswald, Asst. U.S. Atty., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Plaintiff Stanislawa Bobola seeks review of a decision by defendant Secretary which denied a reopening of her benefits claim of September 9, 1986. The government moves to dismiss her complaint contending that the court lacks jurisdiction over the subject matter of the suit. For the reasons stated below, the government's motion to dismiss plaintiff's complaint is denied. However, the case is remanded to the Secretary with instructions that the Secretary

hold a hearing to determine whether Ms. Bobola suffered from a mental incapacity at the time of the hearing on her 1986 claim, which rendered her unable to assert her rights.

Since this case comes to the court on a motion to dismiss, the court will accept all well-pleaded facts in the complaint as being true. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981). At first glance, Ms. Bobola looks to have received the full panoply of reviews afforded her under the provisions of the Social Security Act, 42 U.S.C. § 301, *et seq.* On September 9, 1986, she filed her first claim for disability and supplemental security income benefits. Her claim was denied at that juncture and also upon reconsideration. At her request, an Administrative Law Judge ("ALJ") held a hearing to review the decision. The ALJ denied the claim, without consideration of whether Ms. Bobola suffered from a mental impairment. Ms. Bobola appealed the ALJ's determination to the Appeals Council. Once again, Ms. Bobola's claim was denied.

Ms. Bobola brought a second claim for supplemental security income benefits on August 19, 1988. This second claim was also denied initially and upon reconsideration. At a hearing requested by Ms. Bobola, an ALJ reversed the decision on her second claim, but refused to reopen the first claim. The ALJ found that he was precluded from reopening the first claim by res judicata and a lack of new and material evidence. On June 6, 1990, the Appeals Council denied Ms. Bobola's petition to review the decision of the ALJ and reopen the case of September 9, 1986. Ms. Bobola filed the present lawsuit on August 1, 1990.

■ While it appears as if Ms. Bobola received a full and fair opportunity to establish her first claim, that conclusion would be premature. In general, a district court may not review the determination of the Secretary denying a reopening of a claimant's case. The provisions of the Social Security Act only permit judicial review of a "final decision of the Secretary made after a hearing...." § 205(g), 42 U.S.C. § 405(g). Since a decision by the Secretary

not to reopen a case can be effectuated without a hearing, a denial of a petition to reopen a case does not fall into the category of cases eligible for judicial review. *Giacone v. Schweiker*, 656 F.2d 1238, 1243 (7th Cir.1981); *Turner v. Bowen*, 862 F.2d 708, 709–710 (8th Cir.1988). One of the exceptions to that general rule arises where a claimant alleges a question of constitutional significance that is unsuited to adjudication in administrative law proceedings. "[A]ccess to the courts is essential to the decision of such questions." *Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).

■ Ms. Bobola raises such a claim here. In both her complaint and her response to the government's motion, Ms. Bobola argues that she lacked a full and fair opportunity in her first ALJ hearing to establish entitlement to benefits. The basis of her argument is an alleged lack of mental competence at the hearing coupled with a lack of legal representation. The court finds merit in this argument. Although a claimant is not entitled to representation of counsel at a benefits hearing, the equation changes when the claimant suffers from a mental impairment. In that circumstance, the claimant may argue that she has been denied a full and fair hearing because she is unable to assert her rights due to her inability to understand the proceedings and due to her lack of counsel. Courts have concluded that a claimant cannot be bound to "an adverse ruling when [the] individual lacked both the mental competence and legal assistance necessary to contest the initial determination." *Culbertson v. Secretary of Health & Human Services*, 859 F.2d 319, 323 (4th Cir.1988); *Shrader v. Harris*, 631 F.2d 297, 301–302 (4th Cir. 1980); *Blackburn v. Heckler*, 615 F.Supp. 908, 913 n. 5 (N.D.Ill.1985) (refusal to reopen case may be reviewable if claimant was mentally impaired and, therefore, unable to pursue judicial review of an allegedly constitutionally deficient decision). "Instead, [they] require[ ] that a supplemental hearing be held to determine whether the claimant did, in fact, lack compe-

tence at the earlier time." *Young v. Bowen*, 858 F.2d 951, 954 (4th Cir.1988)

Ms. Bobola's situation has the earmarks of such a case. In her first hearing, Ms. Bobola was not represented by counsel. The only persons present at her hearing were a Polish interpreter and a vocational expert. *See Defendant's Memorandum in Support of Motion to Dismiss Plaintiff's Complaint, Exhibit 1*, at 40. Ms. Bobola's claim was denied at that hearing. In her second hearing, Ms. Bobola was represented by counsel. That time the ALJ found that Ms. Bobola was entitled to benefits based upon her diagnosed mental disabilities. However, the ALJ was unable to relate this condition of mental impairment back to before August 19, 1988 because of lack of documentation. *See Defendant's Memorandum in Support of Motion to Dismiss Plaintiff's Complaint, Exhibit 4*, at 13. However, based upon the findings of Ms. Bobola's psychiatrist, Dr. Seeman–Kocan, it appears likely that Ms. Bobola suffered from a mental impairment before that date. Ms. Bobola surely experienced numerous physical disabilities which were the basis for the subsequent diagnosis of a somatization disorder, Briquet's syndrome. *See Plaintiff's Reply Brief to Defendant's Motion to Dismiss*, at 5.[1] Ms. Bobola's case seems to be further complicated by massive denial as to the psychological origins of her physical problems. *Id.* at 5. If Ms. Bobola suffered from this mental disorder and the accompanying denial at the hearing on her first claim, her condition would have impaired her ability to represent herself in that hearing. Ms. Bobola's denial would have prevented her from arguing that she was entitled to benefits based upon physical symptoms stemming from a mental disorder. And, this finding would not be diminished by the fact that Ms. Bobola was able to file subsequent appeals since such appeals do not bear on her understanding of the source of her condition and her ability to represent that condition during the hearing.

Unfortunately, with the state of the record before it, the court is unable to make a conclusive determination of whether Ms. Bobola suffered from the now diagnosed mental disorder at the time of her first hearing. Nor is the court able to determine the effect such a disorder would have had on Ms. Bobola's ability to fully understand the proceedings and assert her right to benefits. Accordingly, the court remands this case to the Secretary. The Secretary is directed to hold a hearing to determine whether Ms. Bobola suffered from a mental impairment at the time of the first hearing which hindered her ability to receive a full and fair hearing on her benefits claim. At this new hearing, Ms. Bobola bears the burden of proving that she suffered from a mental impairment at her first hearing which precluded her from fully presenting her claim. If the Secretary finds that Ms. Bobola's mental condition made her unable to assert her rights, the Secretary should afford her a hearing on the merits of her 1986 claim. If the Secretary determines that Ms. Bobola possessed sufficient mental capacity, the Secretary may dismiss the 1986 claim on res judicata grounds.

IT IS SO ORDERED.

---

1. Plaintiff's counsel represents that such a condition is a chronic mental disorder characterized by frequent physical complaints involving multiple organs. *Id.* at 7.