Willie D. ROBERTSON, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.

No. 91–3790.

United States Court of Appeals, Eighth Circuit.

Submitted June 5, 1992.

Decided June 16, 1992.

**624**

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Joyce Shatteen, Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before BOWMAN, MAGILL, and BEAM, Circuit Judges.

PER CURIAM.

Willie D. Robertson appeals from the magistrate judge's[1] order granting the Secretary's motion to dismiss for lack of jurisdiction. We affirm.

On April 20, 1984, Robertson filed an application for disability insurance benefits and supplemental security income, alleging an October 15, 1980 disability onset date due to back trouble, arthritis, sleep problems, and residual stomach problems from stomach surgery. Robertson's insured status expired on September 30, 1984. The Secretary denied his claims initially and on reconsideration. In October 1987, following a hearing, the Administrative Law Judge (ALJ) concluded that Robertson met the disability requirements as of April 28, 1987, and awarded him supplemental security income benefits from that date, but because Robertson's insured status expired in September 1984 he was not entitled to disability benefits. The Appeals Council dismissed as untimely Robertson's request for review and found no good cause to extend the time for filing.

In April 1988, Robertson filed a second application for disability benefits, claiming an onset date of November 15, 1980. After the Secretary denied his claim initially and on reconsideration, Robertson requested and received a hearing. The ALJ concluded that res judicata applied and Robertson had not submitted new and material evidence establishing good cause to justify reopening the 1987 decision. The Appeals Council denied further review.

In September 1989, Robertson filed the current application for benefits, claiming a November 30, 1980 disability onset date. The Secretary denied his claim initially and

---

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

on reconsideration. In April 1990, the ALJ dismissed on res judicata grounds Robertson's request for a hearing, again noting that after careful review of the evidence of record, the current application involved the same facts and issues as those considered in the 1987 decision and that good cause did not exist to warrant reopening the earlier decision. The Appeals Council denied further review, and Robertson sought judicial review.

The Secretary moved to dismiss the action, claiming there was no "final decision ... made after a hearing" as required by 42 U.S.C. § 405(g). Robertson responded that he had submitted new medical evidence concerning alcoholism and coronary artery disease before the Secretary's April 1990 decision dismissing his request for a hearing. Because the Secretary invoked administrative res judicata despite new medical evidence, Robertson argued, he was denied due process. He also argued, assuming the evidence was new, the principles of res judicata could not have been applied without reconsideration of the 1987 decision on the merits, and thus the Secretary, by legal implication, had reopened the matter. See McGowen v. Harris, 666 F.2d 60, 65 (4th Cir.1981).

The magistrate judge noted that judicial review was available where there were allegations of constitutional violations, but concluded that because the Secretary had complied with the regulations, there was no due process violation. The magistrate judge also concluded that the Secretary did not reconsider the claim on the merits and therefore did not "reopen" the matter. See McGowen, 666 F.2d at 65. Accordingly, the magistrate judge granted the Secretary's motion to dismiss for lack of jurisdiction.

The Secretary's refusal to reconsider a previously-denied claim is not a "final order," and thus cannot be reviewed by the district court. Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); Lively v. Bowen, 827 F.2d 268, 269 (8th Cir.1987) (per curiam). Claims of constitutional violations, however, are reviewable. Califano, 430 U.S. at 109, 97 S.Ct. at 986; Lively, 827 F.2d at 269.

When the Secretary does reconsider the merits of a previously-denied application, the application is considered reopened as a matter of administrative discretion, and subject to judicial review to the extent it has been reopened. See Brown v. Sullivan, 932 F.2d 1243, 1246–47 (8th Cir. 1991); Jelinek v. Heckler, 764 F.2d 507, 508 (8th Cir.1985). The review of a claimant's medical history, however, does not constitute reconsideration " 'on the merits' necessary to constitute a de facto reopening of the earlier application." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir.1986). Such review of the medical facts may be necessary simply to "assess rationally the question at issue, i.e., whether [the claimant] was disabled at the [relevant] time." Id.; see also Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir.1989); Underwood v. Bowen, 807 F.2d 141, 143 (8th Cir.1986).

We have carefully reviewed the record and conclude that the Secretary did not reconsider the prior application "on the merits." In addition, Robertson's due process claim is without merit because the Secretary fully complied with the regulations.

Accordingly, we affirm.