966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Martha SOUTHARD, Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.
 No. 91-3429.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 23, 1992.
Filed: June 29, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Martha Southard appeals from the district court's order granting the Secretary's motion to dismiss for lack of jurisdiction. We affirm.
 
 
 2
 On July 14, 1983, Southard filed an application for disability benefits and supplemental security income (SSI) based on a seizure disorder. She alleged a July 12, 1983 onset date. In 1984 the Administrative Law Judge (ALJ) found, after a hearing, that Southard had the residual functional capacity to perform her past relevant work and was not entitled to benefits. The Appeals Council denied Southard's request for review of the ALJ's decision. Southard did not seek judicial review. Southard's insured status expired on March 31, 1985. In 1986 Southard filed another application for disability benefits based on the same seizure disorder. In 1987 the ALJ found, following a hearing, that Southard was not entitled to benefits on or before March 31, 1985. The ALJ also found Southard's subjective complaints were not credible, after giving full consideration to the factors in Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) (later history omitted). The Appeals Council denied Southard's request for review. Southard did not seek judicial review.
 
 
 3
 In 1988, as a result of directives in Polaski, Southard requested a review of her 1983 application. In 1990 the ALJ denied Southard's request to reopen the 1984 decision, finding it was barred by administrative res judicata because the 1987 decision had fully considered Southard's subjective complaints under Polaski. The ALJ found that Southard had not presented any new and material evidence establishing good cause to reopen the decision. Southard sought judicial review in the district court, which dismissed her action for lack of jurisdiction.
 
 
 4
 On appeal, Southard concedes the district court generally lacks jurisdiction to review the Secretary's refusal to reconsider a previously denied claim because the refusal is not a final order. Califano v. Sanders, 430 U.S. 99, 108 (1977); Lively v. Bowen, 827 F.2d 268, 269 (8th Cir. 1987) (per curiam). Southard, however, asserts her case falls within the general rule's exception for cases involving constitutional questions. See Califano, 430 U.S. at 109; Lively, 827 F.2d at 269.
 
 
 5
 Southard asserts the Secretary denied her due process by applying res judicata to deny her request, without giving her adequate notice. We agree with the district court that Southard had notice that res judicata may have barred her request to reopen the 1983 claim. Southard was represented by an attorney at all relevant times, and the 1987 decision explicitly applied the Polaski factors to her claim. In any event, Southard has not shown prejudice from this asserted failure to give notice. See Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985) (when claimant does not assert prejudice from Secretary's failure to give notice that res judicata may bar request to reopen application, lack-of-notice claim fails), cert. denied, 475 U.S. 1025 (1986). Southard's other due process claims are meritless.
 
 
 6
 Southard also asserts the Secretary constructively reopened her 1983 application by considering its merits. See Brown v. Sullivan, 932 F.2d 1243, 1246-47 (8th Cir. 1991) (when Secretary reconsiders merits of a previously denied application, application is deemed reopened and is subject to judicial review). Here, the Secretary presented the procedural history of Southard's applications, observed that the 1987 decision reviewed her applications for benefits under the Polaski standard, and explicitly stated she offered no new evidence. The Secretary did not re-examine the earlier medical evidence. Thus, in deciding whether to reopen Southard's 1983 application, the Secretary did not reconsider the merits of either the 1983 or the 1986 application.
 
 
 7
 Accordingly, we affirm.