97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donnie R. MOORE, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security, Defendant-Appellee.
 No. 95-35764.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1996.**
Decided Aug. 30, 1996.
 
 Before: ALARCON, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The Commissioner concedes that Moore, at the relevant time, was not performing "substantial gainful activity," and has a severe impairment. Moore concedes that his impairment was not equivalent to one of the impairments listed in the regulations. The Commissioner concedes that Moore cannot return to his past work. That leaves as the issue in this case whether the Social Security Administration could show that Moore could perform other relevant jobs in the national economy. See 42 U.S.C. § 423; 20 C.F.R. § 404.152; Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir.1994).
 
 
 3
 The case on appeal was Moore's third. The ALJ held that res judicata barred reconsideration of whether Moore was disabled prior to November 10, 1992, the day of the denial of benefits on the second case. The ALJ expressly refused to reopen that decision.
 
 
 4
 Moore argues that the ALJ in the third case effectively reopened the second case by relying upon the ALJ's analysis of the evidence in the second case. We reject that argument. The ALJ in the third case expressly refused to reopen the earlier decision. Review of the medical history does not amount to de facto reopening of the prior decision. See Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990) (where the ALJ "expressly refused to reopen by invoking the doctrine of res judicata, there was no reopening in fact"); Brown v. Sullivan, 932 F.2d 1242, 1246 (8th Cir.1991) ("[t]he review of a claimant's medical history, however, does not constitute reconsideration on the merits necessary to constitute a de facto reopening of the earlier application"); Robertson v. Sullivan, 979 F.2d 623, 625 (8th Cir.1992) (ALJ reviewed medical documentation to "access rationally the question at issue, i.e. whether the claimant was disabled at the relevant time").
 
 
 5
 Moore correctly argues that the doctrine of res judicata is not rigidly applied to disability determinations. Fair v. Bowen, 885 F.2d 597, 600 (9th Cir.1989). But none of the grounds for relieving an unsuccessful litigant of the effect of a prior judgment applied in this case. Moore was represented by counsel in the previous case, the same impairment was being considered, the ALJ in the third case did not reopen the earlier decision by considering the merits of the disability claim prior to the date the second case was decided, and Moore does not show that the record was patently inadequate to support the findings in the second case. Cf. Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir.1988); Thompson v. Schweiker, 665 F.2d 936, 941 (9th Cir.1982). Therefore the unappealed and final decision in Moore's second case precluded him from claiming disability for the period covered by that case in this third case.
 
 
 6
 Substantial evidence on the record as a whole supported the ALJ's determination that Moore was not disabled between November 10, 1992, the end of the period covered by the second case, and December 31, 1992, the day Moore was last insured. The decision in Moore's second case established that Moore could perform light work and sedentary work. The ALJ found that "there is no indication that the claimant's condition has medically changed from the time of his last hearing through December 31, 1992, the date last insured." Dr. Weinert's reports and Dr. Cooney's reports were substantial evidence in support of the ALJ's determination that Moore could still perform light to sedentary work. Moore's evidence to the contrary was impeached by the medical opinion that he displayed "inappropriate illness behavior and minimal symptom exaggeration." Accordingly, there was substantial evidence in the record as a whole to support the ALJ's decision that Moore's condition did not worsen to the point where he was entitled to disability between November 10, 1992 and December 31, 1992.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with § 106(d) of P.L. No. 103-296, Shirley S. Chater, Commissioner of Social Security should be substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3