**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RUSSELL L. WILLIAMS,

     Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

     Defendant-Appellee.

No. 97-7060
(D.C. No. 96-CV-136)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

     After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Russell L. Williams appeals the district court's affirmance of the final decision by the Commissioner of Social Security denying his application for disability insurance benefits.  Because the decision is not supported by substantial evidence, we reverse and remand for further proceedings.

In August 1992, plaintiff underwent surgery for cancer of the soft palate, in which the soft palate and most of the hard palate were removed.  He underwent radiation therapy from October 1992 through January 1993.  His medical records through April 1995 showed no recurrence of the cancer.  Since the surgery and radiation, plaintiff has been treated for several side-effects, including headaches, mouth pain, pain upon swallowing, and a persistent dry mouth.  He has lost most of his teeth and now wears dentures, as well as an oral prothesis to cover the palate defect.  He also has been treated for foot pain due to an unusually high arch and degenerative joint disease, and for ulcers.  In addition, plaintiff has been diagnosed with mental retardation.

In July 1993, plaintiff filed his first application for disability benefits.  This application was denied on August 30, 1993, on the ground that plaintiff's cancer was not expected to be disabling for twelve continuous months.  On February 11, 1994, plaintiff filed his current application, alleging an inability to work due to

cancer, headaches, weakness, a dry and burning mouth, and right foot pain. After a hearing, an administrative law judge (ALJ) determined that plaintiff could return to his former work as a machinist or machine tender. After considering several new exhibits, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. The district court affirmed the Commissioner's decision, and this appeal followed.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff argues that the ALJ's rejection of his claims of headache and mouth pain is unsupported by substantial evidence. The ALJ found plaintiff's claims incredible based on the lack of objective findings, the lack of medication for severe pain, the infrequency of treatment, and the lack of discomfort shown by plaintiff at the hearing. He noted that although the record contained a few limited complaints of headaches prior to August 30, 1993, there was no evidence

thereafter that plaintiff complained of or was treated for headaches. He noted also that the record references to plaintiff's dry mouth did not indicate any mouth pain. Finding no nonexertional impairments to reduce plaintiff's ability to perform medium work, the ALJ concluded that he could return to his former employment as a machinist or machine tender.

Upon reviewing the record, we conclude the ALJ's findings are not supported by substantial evidence. The record shows a fairly consistent history of treatment for headaches and mouth pain since plaintiff's surgery. See R. II at 142 (1/5/93 - oral pain, burning); at 137 (3/9/93 - painful swallowing); at 135 (7/20/93 - headaches); at 161 (8/3/93 - mouth pain and headaches); at 157 (9/20/93 - headaches); at 155 (11/12/93 - headaches, sore throat); at 226-28 (1/25/94 & 2/1/94 reports of chronic headaches and mouth pain); at 200 (2/25/94 - face pain); at 230 (11/16/94 - headaches, 4/25/95 - headaches); and at 231 (3/24/95 - sinus CT scan).

The record also contains an extensive history of narcotics prescriptions to treat these symptoms, including at least twenty-one prescriptions and refills of Percoset, Lortabs (hydrocodone bitartrate), Tylenol #3, Tylenol #4, and Synalgos DC (dihydrocodeine bitartrate). At least eleven of these prescriptions or refills were given after August 30, 1993. See id. at 157 (9/20/93 - Tylenol #3 thirty tablets); at 200 (9/24/93 - Tylenol #3 fifty tablets plus four refills, 2/25/94 -

Lortab 7.5 twenty tablets); at 198 (3/16/94 Tylenol #4 forty tablets); and at 230 (11/16/94 - Percoset twenty tablets, 2/7/95 - Tylenol #4, 3/6/95 Synalgos DC - thirty tablets). In addition, although plaintiff's prior unappealed decision bars a finding of disability before August 1993, his treatment for headaches and mouth pain should not have been ignored in determining the existence and continuous nature of his conditions. See, e.g., Robertson v. Sullivan, 979 F.2d 623, 625 (8th Cir. 1992) (noting review of medical evidence predating prior denial often necessary to decide whether claimant disabled during relevant period).

The ALJ's failure to recognize plaintiff's treatment history for headaches and mouth pain undermines his conclusions regarding plaintiff's credibility and the effect of plaintiff's severe impairments on his residual functional capacity. Further, the ALJ's conclusion that plaintiff could perform his former work as a machinist or a machine tender is deficient because he did not consider whether plaintiff's need for narcotic pain medication would affect his ability to work with machinery. This is especially true in light of plaintiff's uncontradicted testimony that the medications made him sleepy. For these reasons, the Commissioner's final decision is contrary to the record, requiring reversal.

Plaintiff argues also that the Commissioner's decision is unsupported by substantial evidence based on Dr. Ogundipe's opinion, which was submitted to the Appeals Council after the hearing. Dr. Ogundipe, a consulting cancer

specialist, examined plaintiff in January 1994 and opined that plaintiff was unable to perform his former work because of his headaches, excessive tearing, and extreme dryness of the mouth, in addition to his speech difficulties. Denial of review by the Appeals Council therefore embodied its conclusion that Dr. Ogundipe's opinion did not provide a basis for modifying the ALJ's decision. See O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994). Under these circumstances, we consider the new evidence as part of the record in evaluating whether substantial evidence supports the Commissioner's decision. See id.

Dr. Ogundipe's opinion that plaintiff cannot perform his former work is uncontradicted by any other medical evidence in the record. This provides an additional basis, therefore, for concluding the Commissioner's decision that plaintiff can return to his former work is without substantial evidence.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED for further proceedings. In light of evidence that there is a high probability of plaintiff's cancer recurring, the Social Security Administration is ordered to expedite plaintiff's case. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge

-6-